*Charles A. Clark,* for the appellant.    *Charles D. Nixon,* for the respondent.

Opinion *per* LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order affirmed, with costs.

---

## LOUISA SEVERN, RESPONDENT, *v.* THE NATIONAL STATE BANK OF TROY, APPELLANT.

*Code, § 399 — when the testimony of a party as to a personal transaction with a deceased person, is not incompetent under.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought to recover money standing to the credit of the plaintiff on the books of the defendant, which they refused to pay. The complaint set up, in substance, that one Joseph Wright had had an amount of money on deposit with the defendants ; that said Wright gave the plaintiff a written order for the amount, together with his bank book ; that the plaintiff went to the bank, delivered the order and book, and had the amount transferred to her name, and received a bank book therefor ; that she afterwards demanded the money, presenting the book, but the defendants retained the book and refused to pay the money.

The answer, in substance, averred that, after such transfer to the plaintiff, further information came to the defendants which removed the belief that the order, purporting to be that of Joseph Wright, was such, and that the defendants, therefore, retained the book; and it denies any other deposit, except by such order and book.

On the trial, the plaintiff, called on her own behalf, was proceeding to testify to personal transactions with said Joseph Wright, deceased, when the defendants objected under section 399 of the Code of Procedure, and offered to show, at the same time, that

the administrators and heirs of Joseph Wright had indemnified the defendants against this claim.   The offer was excluded and the objection overruled.

The court, at General Term, said : "It is not claimed by the defendants that the evidence objected to and admitted comes within the literal language of the section.   But they insist that it is within the spirit.   That is, they insist that the action was practically against the administrators of Joseph Wright, although such administrators were not parties defendant.

"The case of *Lobdell* v. *Lobdell* (36 N. Y., 327) shows that it is not enough that a case be within the spirit, it must be within the letter, of this statute.   And a similar view has been taken in other cases.

"The claim of the plaintiff is simply against the bank for money alleged to be deposited with the bank by her.   Against the bank she could prove any material facts, although they consisted in personal transactions with Wright.   For the bank was not executor, etc., or assignee, legatee, etc., of Wright.   It would, then, not be just that the administrator of Wright, by voluntarily indemnifying the bank against the plaintiff's claim, should prevent her from giving testimony, otherwise competent.   *   *   *

"It is not necessary to inquire here whether the defendants could have brought a bill of interpleader ; or whether they could have availed themselves of the provisions of Code, section 122. If they had done this the question as to this evidence might have been in a different shape."

*D. A. Boies,* for the respondent.  *M. Fairchild,* for the appellant.

Opinion per LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order affirmed, with costs.